IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:03-CR-30 |
| | ) | PHILLIPS |
| WILLIAM WAYNE WINSBRO | ) | |

## AGREED ORDER

It being agreed to between the parties that the defendant, William Wayne Winsbro, has violated the conditions of his supervised release, that his supervised release should be revoked, and that the appropriate punishment should be a term of imprisonment of 5 months, to be followed by 30 months of supervised release, with a special condition that the first 4 months of supervised release shall be served at Midway Sanction Center. All other conditions previously imposed at the original sentencing shall remain in full force and effect. The defendant specifically waives his right of allocution and his right to appeal this Agreed Order,

IT IS HEREBY ORDERED that the defendant's supervised release is hereby revoked. The parties have agreed, and recommended to this Court, that a sentence of 5 months in prison, to be followed by 30 months of supervised release, with the special condition that the first 4 months of supervised release to be served at the Midway Sanction Center is appropriate. This Court first considers the Chapter Seven policy statements in the Sentencing Guidelines. The Court determines that the violations are a Grade C. The defendant's criminal history category is I. This gives an advisory guideline range of 4 - 10 months which the Court has carefully considered. There is a statutory maximum of 2 years imprisonment which the Court also

considers. The Court has also considered the factors listed in 18 U.S.C. §3553(a).

The Court feels that the recommended sentence is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. §3553(a). Specifically the Court finds that the defendant has committed a misdemeanor offense of passing a worthless check. He likewise did not cooperate with his probation officer and provide her with requested financial information, about a change in address, and about the arrest on the worthless check conviction. The recommended sentence is sufficient to reflect the seriousness of the offense and promote respect for the law. This will send a message to others that violating supervise release is a serious offense and will be dealt with seriously. This will also show others that violating supervised release will result in a term of imprisonment and will serve as a deterrent to others. The public will also be protected from further crimes of this defendant while he is incarcerated in prison and also while he is at Midway Sanction Center. This sentence is also sufficient, but not greater than necessary, to provide the defendant needed educational and vocational training so that he will be also to re-establish himself into society and be a productive member of society. The half-way house component of this sentence allows the defendant to work back into society while in a structured environment and with help of professional counselors.

Based on the foregoing, the Court finds that the recommended sentence is sufficient, but not greater than necessary to accomplish the purposes set forth in 18 U.S.C. §3553(a) while taking into consideration all of those factors and the Chapter Seven policy statements. The defendant is hereby sentenced to a term of imprisonment of 5 months. This term of imprisonment shall be followed by 30 months of supervised release. The first 4 months of the supervised release shall be served at Midway Sanction Center. All of the conditions, general and special, which were originally imposed on the defendant shall remain in full force and effect.

The Court recommends that the defendant serve his sentence at the federal correctional

institution at Manchester, Kentucky.

ENTER this 1st day of ~~July,~~ AUG, 2006.

_Thomas H. Phillips_
United States District Judge

APPROVED FOR ENTRY:

for _D. Gregory Weddle_ AUSA
D. Gregory Weddle
Assistant U.S. Attorney

_Kim A. Tollison_
Kim A. Tollison
Attorney for Defendant

_William Wayne Winsbro_
William Wayne Winsbro
Defendant

_Jennifer Fletcher_
Jennifer Fletcher
U.S. Probation Officer